THE WILMINGTON AND SUSQUEHANNA RAIL ROAD COM-
PANY *vs.* JOSEPH CONDON.—*June,* 1837.

The jurisdiction given to the county courts, to review, confirm, or set aside inquisitions had, under the provisions of the law authorizing the appellant to condemn land, for the construction of its road, is special and limited, and from its decisions, no appeal lies to any other court.

Where the company, subsequent to such inquisition, occupied the land condemned and commenced the construction of their road, *Cecil* county court, (*Chambers, Ch. J. and Hopper and Eccleston, A. J's,*) refused to hear evidence in support of objections filed by the company to the inquisition, and confirmed it.

APPEAL from *Cecil* county court.

On the 26th day of October, 1836, *The Wilmington and Susquehanna Rail Road Company* filed the following warrant, inquisition, and sheriff's return, to wit:

*State of Maryland, Cecil* county, sc.

To *Noble Pennington,* Esquire, sheriff of *Cecil* county, Whereas application hath this day been made to me, the subscriber, one of the justices of the peace of the said state,

for the county aforesaid, by *The Wilmington and Susque-hanna Rail Road Company* by *John C. Groome,* their attor-ney, for a warrant under my hand and seal, to be to you directed, requiring you to summon a jury to value the da-mages which the owner of a certain tract, piece, or parcel of land, lying and being in *Cecil* county aforesaid, now in the possession of, and said to be owned by *Joseph Condon* of said county, will sustain by the use or occupation of such part thereof, by the said company, as may be by them used and required, pursuant to the provisions of acts of assembly of the said state of *Maryland,* passed at December session, in the year 1831, ch. 296, entitled an act to incorporate the *Delaware and Maryland Rail Road Company.* These are therefore to authorize and require you, to summon in the manner prescribed by said act, a jury of twenty inhabitants of *Cecil* county aforesaid, not related, nor in any wise interested, to meet on the part of the said lot, piece, or parcel of land to be valued, on Tuesday, the 19th day of *July* next, of whom the twelve that may remain after four jurors have been stricken off by each party in conformity with said act, shall act as the jury of inquest of damages, which the owner of the said tract, piece, or parcel of land, will sustain by the use or occupation of such part thereof by the said company as may be by them used, occupied, and required, and for so doing this shall be your sufficient warrant. Given under my hand and seal this 30th day of June, 1836.

JOHN A. RANKIN, [seal.]

"Inquisition taken on the lands and premises hereinafter mentioned and described, situate, lying and being in *Cecil* county, on this nineteenth day of July in the year of our Lord one thousand eight hundred and thirty-six, before *Noble Pennington,* Esquire, sheriff of said county, by virtue of a warrant heretofore issued by *John A. Rankin,* Esquire, a justice of the peace for said county, and to the said sheriff directed, by the oaths of *Benjamin F. Machall, William B. Biles, Stephen II. Ford, Robert Cather, Jacob Ash, John Mackey, Charles Brookings, Johoiakin Brickley, Thomas T.*

*Gillespie, Bennet F. Bussey, and William H. Wilson,* and by the affirmation of *Thomas Richards,* inhabitants of said county, not related, nor in any wise interested; who say that the lands owned or claimed to be owned by *Joseph Condon* and herein after valued for *The Wilmington and Susquehanna Rail Road Company,* formerly called the *Delaware and Maryland Rail Road Company,* are contained within the following courses and distances, that is to say, beginning at, &c. and containing eleven acres and thirty-four hundredths of an acre, be the same more or less, and the jurors aforesaid by their oaths aforesaid, also say that, they value the said lands and premises so as aforesaid described, and all the damages which are and will be sustained by the said *Joseph Condon,* and by every and all other owner or owners thereof, (be they whosoever they may,) by the use and occupation of the same by the said *Wilmington and Susquehanna Rail Road Company,* formerly called *The Delaware and Maryland Rail Road Company,* (taking into the estimate the benefits resulting to said owner or owners from conducting the said rail road through the lands and property of said owner or owners thereof) at the sum of six thousand dollars, current money—and the jurors aforesaid by their oath and affirmation aforesaid further say, that the quantity of or duration of interest in the said described lands and premises, so valued for the said *Wilmington and Susquehanna Rail Road Company,* (formerly called *The Delaware and Maryland Rail Road Company,*) shall be an estate in fee simple in the said lands and premises, to be held by the said *Wilmington and Susquehanna Rail Road Company,*) formerly called *The Delaware and Maryland Rail Road Company,*) their successors and assignees, forever. In witness whereof, the jurors aforesaid have hereunto respectively signed their names and affixed their seals respectively on the day and year aforesaid and at the place herein before written, &c. &c.

BENJAMIN F. MACHALL, [seal.]

Taken, signed, and sealed before and in the presence of NOBLE PENNINGTON, sheriff of *Cecil* county.

To JAMES SEWALL, Esquire, clerk of *Cecil* county court: I do hereby certify that in obedience to the warrant to which this return is annexed, I did on the receipt thereof, summon a jury of twenty inhabitants of *Cecil* county, not related to the parties nor in any wise interested, to meet on the land mentioned in said warrant on the nineteenth day of July, 1836, last, the day named therein for the purposes specified in the same; that on said day the whole of the said twenty jurors so as aforesaid summoned, did meet and were in attendance on the said land, and the parties being present in person or by agents, and four jurors being struck by or for each party, thereby leaving *Benjamin F. Machall*, &c. as the remaining twelve of said jurors, to act as the jurors of inquest of damages, who being by me severally qualified agreeably to the act of assembly in such case made and provided, proceeded to view the land, and to describe and ascertain the bounds thereof, the quantity of duration of the interest of the same, and the damages, to be by them valued, and reduced their inquisition to writing, which was signed and sealed in my presence by each of the said twelve jurors above named, and was by me attested, and which, so signed, sealed and attested, I now return to you, to be by you filed in your court, and when confirmed by said court, to be by you recorded according to law.

So answers, *Noble Pennington*, sheriff of *Cecil* county— whereupon the said *Wilmington and Susquehanna Rail Road Company*, by their attorney, file in court here, the following *caveat* and reasons, to wit: 

The said Rail Road company objects to the confirmation of the inquisition in this cause, and prays that the same may be quashed, for the following reasons, viz:

1. Because the damages given by the jury are excessive, and greatly more than the real value of the injury done to the said *Joseph Condon*.

2. Because the jury have given damages not only for the land taken by the company—but also have given damages for supposed trespasses which might be committed on other

lands of the said *Condon* by the workmen and labourers employed by the said company.

3. Because the said jury have given a large sum in damages for the making of ways across the said rail road. Whereas the said company is compelled by the provisions of its charter to make suitable ways across the same at its own expense.

4. Because the said jury have given damages for imaginary injuries to the said *Condon* from the passing of rail road cars over the said rail road, when no such injuries can possibly arise from that cause.

5. Because in fixing the damages the jury ascertained the same by adding together their several estimates and taking the average by dividing the aggregate by twelve.

And the said *Joseph Condon* by *Richard C. Holliday*, Esquire, his attorney, filed in court here the following reasons for confirmation, to wit :

1. Because the amount of damages allowed by the jury in this cause are not excessive, and do not exceed the real damage sustained by the condemnation of the land of *Joseph Condon* for the purposes of the said rail road company.

2. Because the jury did not estimate any supposed damage for trespass, or for any other cause for which the jury were not entitled to assess an amount of damages sustained by the said *Joseph Condon*.

3. Because the jury did not give damages for cross-ways which the rail road company were bound to construct and keep open as alleged in the *caveat* of the rail road company.

4. Because the jury did not give damage for any imaginary injury, but only for such as they were fully satisfied *Joseph Condon* did sustain by the occupancy of his land and their condemnation of his lands as aforesaid.

5. Because whatever rule of estimating the damage in this case may have been adopted by the jury, *Joseph Condon* is not aware, but he is fully convinced that the amount of damage allowed for the condemnation of his land, is no

greater than the just amount to which the said *Joseph Condon* is entitled in this case.

EXCEPTION.—At the trial of the *caveat* to the confirmation of the said inquisition, in addition to all the proceedings before set forth, the parties respectively offered proof to the court of the several allegations contained in their respective objections for and against said inquisition; but it being admitted by the *Rail Road Company*, that subsequent to the date of the said inquisition, the said company had occupied the land therein condemned, and had been engaged in constructing their road over and upon it, the county court (*Chambers, Ch. J. Hopper and Eccleston, A. J's*) for this reason refused to hear any testimony in support of the caveator's allegations, and confirmed the said inquisition. The appellants excepted.

The inquisition being confirmed, the Rail Road Company appealed to this court.

The cause was argued before STEPHEN, ARCHER, DORSEY, and SPENCE, Judges.

DORSEY, Judge, delivered the opinion of the court.

Before we examine into the correctness of the opinion of the county court, set forth in the bill of exceptions introduced into the record before us, a preliminary question presents itself for our determination, does an appeal lie to this court from the judgment of the county court in a case like the present. We are of opinion that it does not. There is no appeal expressly given to the court of Appeals, under the act of assembly, investing the county court with the power of reviewing and confirming, or setting aside inquisitions like the present. From the nature and course of their proceedings, this power of review is a fit subject for litigation in a county court, but is wholly inappropriate to the jurisdiction of this court. It is a special limited jurisdiction given to the county court, from the decision of which no appeal lies to any other tribunal. With as much propriety, might it be

contended that appeals would lie to this court from the judgments of the county court on warrant appeals relating to the recovery of small debts.

The appeal in this case is dismissed.

APPEAL DISMISSED.