GEORGE H. WILLIAMS, TRUSTEE, *vs.* AMOS A. WILLIAMS. *June,* 1847.

The trustee of an insolvent debtor cannot appeal from an order of the county court, before which the application of the insolvent is depending, directing him to sell the right and title of the insolvent to certain stock mentioned in his schedule of effects.

Such an appeal is not authorized by any act of assembly; and it is not a case either at law, or in equity.

APPEAL from *Harford* County Court.

In the matter of the petition of *Amos A. Williams* and another, for an order of the court on *George H. Williams,* trustee of *George Williams,* an insolvent debtor, to sell certain stock of the insolvent.

On the 20th Nov'r, 1846, *George H. Williams,* the trustee in this case, was ordered and directed to proceed forthwith to make sale of all right, title, and interest at law, and in equity, of the said insolvent, in the thirty-five shares of stock in the *Savage Manufacturing Company,* returned upon the schedule of said insolvent as being mortgaged to *Martha Weld;* said sale to be made in the city of *Baltimore,* and free from all liens on said stock, created by said insolvent; and the trustee before proceeding to sell shall give notice, &c., and to report for ratification, &c.

From this order, the trustee appealed to this court; and at this term, the appellee moved to dismiss the appeal, upon the ground that it was unauthorized.

. The motion to dismiss was argued before CHAMBERS, SPENCE, MAGRUDER and MARTIN, J.          .     . .

By C. YELLOTT and R. JOHNSON for the motion, and

By OTHO SCOTT and JOHN NELSON contra.

MAGRUDER, J., delivered the opinion of this court.

It is insisted by the appellee, that from the order of *Harford* county court, which is the ground of this appeal, the party appealing has no right to appeal.

This presents the question now before us.

This is an appeal from an order, passed by *Harford* county court, in the case of *George Williams*, a petitioner for the benefit of the insolvent laws of this State. The application of the petitioner was made the 19th December, 1843, and was made to a justice of the Orphans court of *Harford* county. On the 12th April, 1845, the justice of the Orphans court, to whom the application was made, directed a sale of the property of the insolvent. But this order was not passed until long after the proceedings before him, upon the application of the insolvent, had been returned by him to the county court. And when by the condition of the bond taken by the justice, the trustee was required in all things to observe, obey, and perform the orders, judgments and directions of *Harford* county court in the premises. The insolvent obtained his final discharge, and the record informs us what proceedings were had in *Harford* county court before the 20th November, 1846. On that day, *Harford* county court passed an order that the trustee proceed forthwith to make sale of all right, title, and interest at law, and in equity, of said insolvent, in thirty-five shares of stock in *The Savage Manufacturing Company*, returned in the schedule of said insolvent as being mortgaged to *Martha Weld*, and prescribing the terms of sale. From this order the trustee appealed to this court.

A more particular notice of the proceedings in this case might be necessary, if the right of the appellant to appeal was established. But we are of the opinion, that from such an order, he had no right to appeal. No act of assembly authorizes it; and we must reverse the decision of this court in the case of the *Wilmington and Susquehanna Rail Road*

*Co.* against *Condon*, (8 *G. & J.* 443,) before we can entertain this appeal. This is no case, either of law, or of equity. There can be no right of appeal in such a case as this—of course, this court is not authorized to express an opinion on the several points which have been discussed.

                                        **APPEAL DISMISSED.**