WILLIAM W. WILLIAMS *vs.* GEORGE H. WILLIAMS.—*December* 1848.

An appeal will lie from a decree of the court of chancery, upon a mortgage executed in conformity with the provisions of the act of 1833, ch. 181, relating to mortgages in *Baltimore* city.

Any interference with the right of appeal, wherever it exists, must be upon strong grounds, and a clear manifestation on the part of the legislature, that they designed to withdraw it.

In providing a summary mode of obtaining a decree, the legislature did not intend, by the act of 1833, ch. 181, to limit the general jurisdiction of the court of chancery, (from whose decrees, at all times, the right of appeal exists,) in cases of mortgages.

An appeal will not lie from a decree, which, upon its face, appears to have been made by consent of parties; but such an objection must be taken upon the final hearing, and not upon motion to dismiss.

The agreement for a decree in a mortgage, executed under the act of 1833, is to be regarded only as a consent, to dispense with the intermediate proceedings of subpœna and answer, in order to facilitate a decree, and not that the decree shall be binding at all hazards.

An appeal will not lie from a special and limited jurisdiction, unless, by the act creating such peculiar jurisdiction, the right is expressly given.

APPEAL from the Court of Chancery.

The appellant executed a mortgage to the appellee, dated the 18th of March 1846, of certain real estate in the city of *Baltimore*, to secure the sum of $150, upon certain terms therein mentioned, and further reciting, that "to secure the punctual payment of said sum of money, according to the terms of the loan thereof, the said *William W. Williams* hereby consents and agrees, that at any time after the execution of these presents, a decree may be entered up for the sale of said lots of ground, and premises, hereby mortgaged or any part thereof, by the high court of chancery of *Maryland*, or by *Baltimore* county court, sitting as a court of equity, in

compliance with the act of the General Assembly of *Maryland,* passed at December session 1833, entitled, An act relating to mortgages and the supplements thereto.''

On the 13th of October 1847, the mortgagee filed a petition in the court of chancery, setting forth this mortgage, and praying for a decree for the sale of the mortgaged premises, under the act of 1833, ch. 181, and on the 21st of the same month, the chancellor passed a decree for a sale in the usual form; appointing a trustee, prescribing the terms of sale, &c, from which the appellant, the mortgagor, appealed.

The cause was argued before DORSEY, C. J., SPENCE, MARTIN and FRICK, J., on motion to dismiss the appeal.

By                         for appellant, and
By JAMES MALCOLM, for the appellee.

FRICK, J., delivered the opinion of this court.

This is an appeal from a decree obtained in the court of chancery, upon proceedings under a mortgage, had in conformity with the provisions of the act of 1833, ch. 181, relating to mortgages.

A motion is made to dismiss the appeal, upon the proposition argued before this court, that under the true construction of the act, the decree is to be considered a decree by consent, from which no appeal will lie.

The court can find nothing in the act of Assembly, impugning the ordinary right of the party, to appeal from a final decree in chancery; or to justify the construction contended for by the counsel for the appellee.

The 2nd section of the act recites, ''(in order to the facilitating the enforcement of mortgages of real estate in the city of *Baltimore,*) that in all cases of conveyances, by way of mortgage of lands or chattels real, in the city of *Baltimore,* and where in such conveyances the mortgagor shall declare his assent to the passing of a decree, as hereinafter mentioned, it shall and may be lawful for the mortgagees, or their assigns, at any time after filing the same to be recorded, to submit to the chancellor, or to *Baltimore* county court or any judge

hereof, the said conveyances, or copies under seal of said county court thereof and the said chancellor, or court, or judge thereof, may thereupon forthwith decree, that the mortgaged premises shall be sold at any one of the periods limited in said conveyances, for the forfeiture of said mortgages, or limited for a default of the mortgagors, and on such terms of sale, as to the chancellor, court or judge, shall seem proper; and shall appoint by said decree a trustee or trustees for making such sale, with requisition of bond and surety, for performing of the trust as is now usual in cases of sales of mortgaged property.''

The third and fourth sections of the act provide, in substance, that after the arrival of the period limited for said sale, the mortgagees, their executors, administrators or assigns, before such sale, shall make and file a statement of the amount of the mortgage claim remaining due, verified upon oath; and that such sale shall have the same effect if finally ratified, as if it had been made under decrees between the proper parties, and in the usual course of said courts; and upon report of such sale for its consideration, any allegations may be made, and proofs exhibited, to shew that the sales aforesaid ought not to have been made, and the court may reject, and set aside said sale.

Very sound reasons should be required to induce the court to refuse a party the benefit of an appeal; and any interference with the right, wherever it exists, must be upon strong grounds and a clear manifestation on the part of the legislature, that they designed to withdraw it.

Surely it could not have been the intention of the legislature by this act, to limit the general jurisdiction of the courts of chancery in cases of mortgage; more especially in one particular section and locality of the State. The subject is one of appropriate jurisdiction in that court, from whose decrees, at all times, the right of appeal is secured to either party. And by this act of Assembly pointing out a summary mode of proceeding, by which the mortgagee may arrive at a decree, by stipulating for it in his mortgage, it cannot be assumed to limit the general jurisdiction over that large class of cases, upon which this court, as an appellate court, has hitherto exercised its corrective influence.

The proposition is: that in passing decrees under this act the court of chancery exercises only "a special and limited jurisdiction," which in such cases excludes the right of appeal unless expressly given by the act that creates the peculiar jurisdiction; as in the cases cited in 8 *G. & J.*, 443, *Wilmington Rail Road Co. vs. Condon,* and in 5 *Gill*, 89, *Willliams vs. Williams.* But in those cases the jurisdiction given to the county courts, as in many other similar cases, is manifestly limited and final; and not part of a general jurisdiction, which the act of Assembly leaves as it found it. It simply provides a summary mode of reaching the decree, by dispensing with the subpœna and answer, where the mortgagor shall, in his mortgage declare his assent, upon the terms therein stated. And such is the plan devised by the act "to facilitate the enforcement of mortgages in the city of *Baltimore*" as expressed by way of preamble and inducement to the act. In every other respect the instrument retains the character of a mortgage, open to all legal objections; not excluding any that may be properly made to the proceedings themselves under the mortgage, as not within the meaning of the act, and which may be a fit and proper subject for litigation and appeal.

But it is confidently urged that the party is here precluded from appeal; the decree when entered being a decree by consent. If this were objected to the decree upon a final hearing, and not upon a motion to dismiss, the objection might well be entertained. Still the court here, regard the agreement only as a consent to dispense with the intermediate proceedings, in order to facilitate a decree;—not that the decree shall be binding at all hazards. For such a purpose, and to estop the party from all objections, the court conceive, that the consent, as is usual, should be part of the decree itself, or endorsed upon it. And this view is supported by the authorities cited on the part of the appellee himself, in 1 *Cowan*, 709.

The court say, "the decree purports to be made by consent. We must take the fact as stated in the decree, and from a decree by consent, no appeal or rehearing lies." In *Ambler*, 229, *Bradish vs. Gee*, it is said "where a decree is made by consent of counsel, there lies no appeal or rehearing." And

in the cases further cited in *Dick.*, 38, 1 *P. W.*, 734; 3 *Gilb. Equ. Rep.*, 185, the decree itself was pleaded; shewing the evidence of consent was on the face of the decree. Such decrees are common in the *Maryland* practice, and of course, upon final hearing, such appeal is not entertained, where the assent and decree are one connected act. But here, in the case presented by the act of Assembly, the chancellor enters up a decree prospectively with reference to the possible default of the mortgagor, when in fact no such default may ever happen. So far the party has assented to be bound, by a decree, covering the terms and conditions of the mortgage; and has the party assenting to such decree no right to see that the terms are complied with? Upon such a doctrine the mortgagor would be precluded from shewing, that no decree ought to pass, upon a case made by the petition and mortgage, however defective the allegations and the case may be stated. It is certainly his privilege to see, that the decree adopts the terms of the mortgage. And if it does not, can it be contended, that there is no appeal? It may be a question, *how far* the consent was given; or when given, whether the proceeding and the case was a proper subject for a decree; and finally, as before said, how far the decree corresponds with the terms of consent. If these terms are disregarded in the decree, can it be said to be by his assent?

It cannot be assumed, that the legislature thus constructively intended to abridge a right, so fully recognized within the general chancery jurisdiction, and, as to the subject under consideration, convert that court into one of special and limited powers; thus repealing the old and time-sanctioned provision in favor of justice and right, that "any person aggrieved by a decree in chancery shall have his appeal, 1721, ch. 14, sec. 3. The motion is overruled.

                                        MOTION OVERRULED.