# Abraham Lammott *vs.* William P. Maulsby.

No appeal lies to this court from an order of an orphans court revoking an indenture of apprenticeship under the act of 1842, ch. 25, that act having provided an appeal in such cases to the county court.

Where an inferior court exercises a special limited jurisdiction conferred by statute, no appeal from its decisions in such cases lies to this court unless expressly given by the statute.

Under the act of 1842, ch. 25, the orphans court may, upon suggestion, in writing, made by counsel, without making the apprentice a formal party, take proof and set aside his indentures.

Appeal from the Orphans Court of Carroll county.

In this case the orphans court bound out a free colored boy to the appellant, by indenture, dated the 31st of July 1854.

On the 9th of October of the same year, the appellee filed a suggestion, in writing, to the court, stating that the indentures were not in conformity with the act of 1839, ch. 35, under which the court professed to act, for various reasons therein set out. The court took the testimony of witnesses, and on the 5th of December, passed an order revoking and annulling the indentures previously granted. From this order the appellant appealed *to this court.*

The appellee moved to dismiss this appeal, because, by the act of 1842, ch. 25, the orphans courts of the several counties are empowered to hear and determine all matters in dispute between masters and apprentices; to grant releases to apprentices heretofore bound; and to do all other acts in relation to masters and apprentices that are now exercised by the county courts, and an appeal given to the *county courts,* and therefore no appeal lies to *this court.*

This motion and the merits of the case were argued before Eccleston, Tuck and Mason, J.

*James Raymond* for the appellant, argued:

1st. That the appellee shows no interest in this case, and discloses nothing by his suggestion or information which gives the court below any jurisdiction to entertain it, and therefore the whole proceedings are *coram non judice.*

2nd. The act of 1842, ch. 25, only confers upon the orphans courts the authority which the county courts had under the act of 1793, ch. 45, and by this latter act the proceedings must be commenced by petition, *in writing,* by the apprentice. Here there was no such *petition* by the *apprentice,* and the case, therefore, was not within the *jurisdiction* of any court; and a judgment thus unwarrantably pronounced will be reversed on appeal to this court. Again, the appeal is warranted by the express terms of the act of 1818, ch. 204, which says, "that in *all decrees, orders,* decisions and judgments" thereafter to be made by any orphans court, the party aggrieved may appeal to the *Court of Appeals.*

Lammott *vs.* Maulsby.

*Oliver Miller* for the appellee, argued:

That the act of 1842, ch. 25, by its first section, gives *jurisdiction* to the orphans courts to grant releases to apprentices, and to do all other acts in relation to masters and apprentices that are now exercised by the county courts. The language is broad and comprehensive, and does not prescribe the *mode* in which this authority is to be invoked: it may be done on *petition* by the apprentice, upon suggestion of an attorney, as *amicus curiæ*, or of any disinterested person, or by the court itself, *mero motu*. The second section, in just as broad terms, gives an appeal in *all cases*, in which the jurisdiction conferred by the first section is exerted, to the county courts. This is, therefore, a case of new, special and limited authority given by act of Assembly to a court of limited jurisdiction, and the right of appeal given by the same act to the county courts. In such case no appeal lies to *this court*. 8 *G. & J.*, 443, *Wilmington & Susquehanna Rail Road Co. vs. Condon*. 5 *Gill*, 88, *Williams vs. Williams*. 9 *Gill*, 92, *Webster vs. Cockey*. The general provisions relating to appeals, contained in the act of 1818, ch. 204, does not warrant this appeal any more than the general provisions relating to appeals from the county courts warranted the appeals in the cases above cited. The provisions in both laws are equally comprehensive, and if the appeal would not lie in the one case it cannot in the other. This appeal, therefore, must be dismissed.

ECCLESTON, J., delivered the opinion of this court.

The act of 1842, ch. 25, conferred upon the orphans courts special limited jurisdiction, such as they previously did not possess. And the second section, in express terms, gave a right of appealing to the county court in all cases arising under the act. If, therefore, the present case is within the jurisdiction thus given, there can be no appeal to this court.

The case of the *Wilmington & Susquehanna Rail Road Co. vs. Condon*, 8 *G. & J.*, 443, came up under a decision of the county court in reference to an inquisition taken under the law authorising the condemnation of land for the construction of the road. The appeal was dismissed. And the court

say: "There is no appeal expressly given to the Court of Appeals, under the act of Assembly investing the county court with the power of reviewing and confirming, or setting aside, inquisitions like the present. From the nature and course of their proceedings, this power of review is a fit subject for litigation in a county court, but is wholly inappropriate to the jurisdiction of this court. It is a special limited jurisdiction given to the county court, from the decision of which no appeal lies to any other tribunal."

In *Williams vs. Williams*, 5 *Gill*, 88, the county court had passed an order in reference to proceedings in insolvency, from which an appeal was taken, but dismissed, the court being of opinion that no right of appeal existed. They say: "No act of Assembly authorises it; and we must reverse the decision of this court in the case of the *Wilmington & Susquehanna Rail Road Co. against Condon*, (8 *G. & J.*, 443,) before we can entertain this appeal. This is no case either of law or equity. There can be no right of appeal in such a case as this."

The appellant's counsel contends, that the motion to dismiss cannot be sustained, because although the act of 1842 gives an appeal to the county court and to no other tribunal, nevertheless the present appeal is sanctioned by the general and comprehensive language of the act of 1818, ch. 204, which provides, "that in all decrees, orders, decisions and judgments" thereafter to be made by any orphans court, the party aggrieved may appeal to the Court of Appeals. But the general right of appeal from the decisions of the county court was quite as broad and comprehensive as that given by the act of 1818, and yet we have seen, that in the cases of the *Wilmington & Susquehanna Rail Road Co. vs. Condon* and *Williams vs. Williams*, the appeals were dismissed, because the decisions were made by the county courts under statutes conferring special limited jurisdiction, and making no provision for appeals.

If in those cases the Court of Appeals had no authority to review the decisions, there can be no good reason for supposing we possess any appellate jurisdiction in reference to cases arising under the act of 1842, which, at the same time it conferred upon courts, not of general but of limited jurisdiction,

new, special, limited authority, likewise gave the right of appealing to the county court "for a rehearing and *final decision.*"

Another objection urged by the appellant's counsel against the motion to dismiss is, that the case is not within the jurisdiction of the orphans court under the act of 1842 or under any other act, and consequently the appeal to this court was properly taken. But we cannot yield our assent to this. The statute is very broad in its terms, giving authority to hear and *determine* all matters in dispute between masters and apprentices; to release apprentices previously bound; to rebind apprentices that may be released for cause or *otherwise;* and to do all other acts in relation to masters and apprentices that could be done by the county courts. This does not simply confer upon the orphans courts the same power which the county courts had, but is more general and comprehensive. The act giving jurisdiction to the latter courts, directs the proceeding to commence by petition, but the law of 1842 does not prescribe any particular mode of proceeding, and if, without the apprentice being made formally a party, the orphans court think proper, upon the suggestion, in writing, by counsel, to require the master to show cause why the apprentice should not be released, and after the examination of proof, *pro and con,* they decide the case by releasing the apprentice and rebinding him, they are not acting beyond the limits of their jurisdiction.

*Appeal dismissed.*