# Eliza Ward and Elizabeth A. R. Ward *vs.* George Hollins and Others.

An agreement by the defendants' solicitor to withdraw their appeal, must, in the absence of proof to the contrary, be presumed to be made by the clients' authority; according to the Maryland practice, no power of attorney is usual or necessary.

If an appeal be prayed and allowed, and then withdrawn by the appellant's order, he is not thereby precluded from afterwards prosecuting an appeal in the same cause, provided it is done within the time limited by law.

If, for a *legal* and *valid consideration*, a party who has prayed an appeal, agrees to withdraw it, and not thereafter to appeal, such an agreement will be enforced.

But an agreement to withdraw an appeal, and not thereafter to appeal, in *consideration* that the *trustee* would *suspend the sale*, authorised by the decree, for ninety days, is *nudum pactum*.

A trustee has no power to agree to delay the sale authorized by the decree, and such an agreement cannot be enforced on behalf of the defendants.

After the complainants' solicitor has been appointed trustee, the complainants no longer stand towards him in the relation of clients in the cause, and he has no power to stipulate for delay in the execution of the decree, nor can he bind them by an agreement to that effect.

A decree on a creditors' bill, which adjudges in favor of all the claims of the complainants, when no proof whatever was given in favor of any of such claims, save one, is, for this reason, erroneous, and must be reversed.

The rights of purchasers, under sales made by the trustee, will be protected and the sales remain valid, though the decree be reversed.

Where a creditor's bill assails a deed, either for the purpose of having it rectified or vacated, all parties to the deed are necessary parties to the suit, and without such parties no valid decree can be passed.

Persons, not creditors at the time of a conveyance, cannot impeach it *for fraud in law*, but a party cannot dispose of property without consideration to the prejudice of his existing creditors.

Appeal from the Circuit Court for Baltimore City.

The decree from which this appeal was taken, and the proceedings in reference to the appeal, are fully stated in the opinion of this court. The other facts necessary to be stated are briefly these:

The appellant, Eliza Ward, with others, on the 15th of February 1851, mortgaged certain real estate, in the city of

Ward, *et al.*, *vs.* Hollins, *et al.*

Baltimore, to F. A. Sumner to secure the payment of $5000, the said Eliza being the owner of one undivided third thereof. This third, subject to the above mortgage, she conveyed to her daughter, Elizabeth A. R. Ward, for the consideration of *five dollars*, by deed dated the 1st of August 1851, reserving however a life-estate to herself. The mortgage debt not being paid, a decree for a sale of the property, to pay the same, was passed on the 25th of February 1852, and in July 1853, William G. Thomas having become the owner of the mortgage and decree, an agreement was entered into between him and the other parties interested in the property, including the appellants, by which, in order to perfect the title to the property and to satisfy Thomas the amount due him under the decree, and to obtain title deeds in severalty for their respective portions, free from the lien of the mortgage and decree, the parties agreed that Thomas should become the purchaser thereof, and as soon as he obtained a deed therefor from the trustee, to execute to the said Eliza Ward a deed in fee for a portion of said property, particularly described, which should be taken and accepted by the said Eliza Ward and Elizabeth A. R Ward, her daughter, in full satisfaction of all their interest and claim in and to the entire property, or the proceeds thereof. Thomas became the purchaser, and the sale having been ratified, and a deed executed to him by the trustee, he, on the 28th of September 1854, executed to Elizabeth A. R. Ward, for the consideration of five dollars, a deed conveying to her that portion of the property mentioned in the above agreement This latter deed is the one which, by the decree appealed from in this case, was declared null and void as against the appellees, the creditors of Eliza Ward, upon a creditor's bill filed by them on the 8th of October 1855. The allegations of this bill, and the answers and the proof in the case, are sufficiently indicated in the opinion of this court and the arguments of counsel.

The cause was argued before LE GRAND, C. J., TUCK and BARTOL, J.

*Edw. Holloway* and *Jas. Malcolm,* for the appellants, argued:

1st. That the deed of 1851 was made in good faith, and cannot be impeached by *subsequent creditors*, and that the agreement of 1853 did not alter the rights of the parties thereto, there *being a mistake* in reference to whom the deed of 1854 was to be made; that the execution, by Thomas, of the deed of 1854, to Elizabeth, was right and proper, and there is no fraud or *mala fides* shown on her part; that it is incumbent on the appellees to show *debts existing anterior* to the deed of 1851, or to show *fraud in fact,* and having failed to show either, the decree is erroneous, and the deed of 1854 should not have been set aside and declared a nullity.   1 *Md. Rep.,* 198, *Banks vs. Williams.*

2nd. That the deed of 1851, having been duly acknowledged and recorded, *was legal notice* to the appellees that the title was in Elizabeth, except as to the life-estate of Eliza, and the title was in the former down to 1854, when the new deed from Thomas was made; that there is no evidence to show that any representations were made, such as are alleged in the bill and attempted to be proved; and that the appellees had notice, and, having notice, have no equities that will entitle them to set these deeds aside.   11 *Md. Rep.*, 198.

3rd. That the *entry* of a prayer for an appeal made by the defendants, on the 26th of April 1856, by act and operation of law, vested jurisdiction in this court, and that this right of appeal could not be waived or taken away by *any agreement* subsequently made by the solicitors for the parties, it not appearing in the cause that the solicitor for the defendant had ever received a *new warrant* to waive the appeal already taken.   But if the solicitors, by virtue of their office, have such power, that then the agreement of the 28th of April 1856 is void for want of consideration, and if not void for want of consideration, then it is waived by the agreement filed on the 1st of July 1856.   The appellants also contend, that this last mentioned agreement is void and inoperative in law, because the solicitors, *as such,* had no authority to change or alter the terms of the decree by agreeing that the sale shall be made after ten days' notice.   *Act of* 1826, *ch.* 200.   2 *Inst.,* 368,

Ward, *et al., vs.* Hollins, *et al.*

1 *Salk.*, 89. *Cro. Eliz.*, 177, *Herd vs. Burstowe.* 2 *Bos. & Pull.*, 357, *Tipping vs. Johnson.* 2 *Ld. Ray.*, 1252, *Atwood vs. Burr.* 87 *Eng. C. L. Rep.*, 364, *Swinfen vs. Swinfen.* 3 *Gill*, 447, *Farmers Bank vs. Mackall.* 4 *Gill*, 20, *Doub vs. Barnes.* 7 *Cranch*, 436, *Holker, et al., vs. Parker.* 6 *Johns.*, 108, *Gonnigal vs. Smith.* 8 *Johns.*, 361, *Jackson vs. Bartlett.* 10 *Johns.*, 220, *Kellogg vs. Gilbert.* 2 *Zabriskie*, 99, *Howe vs. Lawrence.* 2 *Blackford*, 137, *Lambert vs. Sandford.* 2 *Bibb*, 382, *Richardson vs. Talbot.* 5 *Dana*, 11, *Holbert vs. Montgomery.* 7 *Sm. & Mar.*, 24, *Garvin, et al., vs. Lowry.*

4th. That in reviewing the decree its correctness must be determined by the state of the case at the time it was passed; and this court cannot look to any thing subsequently thereto appearing in the record. 6 *Md. Rep.*, 452, *Johnston's Adm'rs vs. Thomas & George.*

5th. That the decree is erroneous in declaring the deed of 1854 to be utterly null and void, because such declaration is against the allegations and prayer of the bill, the prayer of the bill being, "that the said deed of 1854 may be decreed to be for the *use* of Eliza Ward, and that Elizabeth A. R. Ward may be decreed *to stand seized* of the ground mentioned in said deed to the use of the said Eliza Ward." The decree is also erroneous in decreeing the sale of the estate described in the deed, for if the deed be in fraud of creditors, and therefore null and void, there was *no title* before the court below, the title remaining in Thomas, who is not a party to the suit; and that if Thomas be a necessary party this court will remand the cause for further proceedings. *Act of* 1832, *ch.* 302. 1 *H. & G.*, 11, *Ringgold vs. Ringgold.* *Ibid.*, 293, *Buchanan vs. Deshon.* 4 *H. & J.*, 518, *Hayward vs. Carroll.* 6 *G. & J.*, 171, *Evans vs. Iglehart.* 7 *G. & J.*, 143, *Boteler & Belt vs. Brookes.* 8 *G. & J.*, 136, *Calwell vs. Boyer.* 9 *G. & J.*, 80, *Clagett vs. Hall.* 11 *G. & J.*, 153, *Warnick vs. Michael.* 8 *Gill*, 391, *Tolson vs. Tolson.* 1 *Md. Rep.*, 325, *Thomas vs. Doub.* 8 *Md. Rep.*, 34, *Jamison vs. Chesnut.*

*P. McLaughlin* and *Chas. H. Pitts*, for the appellees.

1st. This appeal should be dismissed, because the taking of it was in violation of the agreement of the 28th of April 1856, made by the solicitors of the respective parties, for a valuable consideration, filed in the case and now a part of the record. It is said by the appellants, that they are not bound by such an agreement, and that it is such as the solicitor, by virtue of of his general power, could not have made. We submit that the reverse of this proposition is law. When the appearance of a solicitor is entered on the record, it is presumed to be done by the party for whom he appears, and whatever is done by the solicitor, in the progress of the cause, is considered as done by the party and is binding on him. *7 H. & J.*, 275, *Henck vs. Todhunter.* *2 Md. Ch. Dec.*, 143, *Bethel Church vs. Carmack. Ibid.*, 425, *Thornburg vs. Macauley.* It has been doubted, whether an attorney may make a compromise, though he may submit a matter to arbitration, yet, if the compromise be *bona fide* and works no considerable hardship, the courts will be slow to disturb it, and will refuse to do so when it has been acquiesced in with a full knowledge of the facts. *8 Md. Rep.*, 169, *White vs. Davidson.* An attorney for a foreign creditor, may unite in recommending an insolvent trustee, and the client will be bound by such act, though his claim is thereby submitted to the operation of our insolvent laws and discharged. *4 Md. Rep.*, 306, *Jones, et al., vs. Horsey, et al.* A reference by an attorney, though expressly forbidden by the client, is binding. *3 Taunt.*, 485, *Filmer vs. Delber.* Where the plaintiff's attorney had entered judgment, for want of the defendant's joining issue, but afterwards consented to accept the joinder, the court, on motion, compelled him to accept, though the plea tendered was limitations. *1 Salk.*, An agreement by the defendant's attorney to reinstate a cause in which a *non pros.* had been entered, is within his power and binding on his client. *1 Binney*, 469, *Einholdt vs. Alberti.* An agreement by the attorneys, that a case shall stand continued, that the plaintiff would abandon the first and last articles in his account, and that the defendant would waive objections to notice served on him, is

binding and will be enforced, unless there be fraud, mistake or surprise. 2 *New Hamp.*, 520, *Alton vs. Gilmanton*. An agreement to execute the property of the maker of a promissory note, by which the endorser would be discharged, is binding on the client. 5 *Pet.*, 99, *Union Bank of Georgetown vs. Geary*. An attorney has power to enter into an agreement to confess judgment. 11 *Md. Rep.*, 389, *Farmers Bank vs. Sprigg*. If an attorney, by virtue of his general powers, may do all these things, has he not power to withdraw an appeal and agree that an appeal shall not again be taken from a decree ? But further, it has been decided, that from a decree, made by consent of counsel, no appeal lies, and such decrees are common in Maryland. 7 *Gill*, 302, *Williams vs. Williams*. If parties have agreed not to take a writ of error, or to apply for an injunction, they will be bound by their agreement. 1 *H. Bl. Rep.*, 21, *Calvert vs. Edie*. Parties, by their convention, may relinquish their right of appeal, and cases are not wanting to show, that a superior court will enforce the consent of an attorney not to bring a writ of error. 4 *Yeates*, 551, *Galbreath vs. Colt.* See also 6 *Binney*, 99, *Cahill vs. Benn.; 4 Monroe*, 377, *Talbot vs. M'Gee, et al.;* 37 *Eng. Law & Eq. Rep.*, 327, *Swinfen vs. Swinfen*; 2 *Crompton & Meeson*, 427, *Best vs. Gompertz.* In *Pike vs. Emerson*, 5 *New Hamp.*, 393, there was an agreement, pending the action, that the judgment of the court shall be final and conclusive, if against the plaintiff, he waiving his right of appeal, signed by the attorneys of the plaintiff and defendant, and it was held, that in the absence of a mistake no appeal could be prosecuted. In the present case, but for the agreement, no appeal bond having been filed, the trustee could have sold the property, and the *consideration* is a delay of ninety days in the sale, as to the first agreement, and the second exempts a large portion of the property from sale. These are sufficient considerations for the agreement, and we therefore submit, that this appeal should be dismissed.

2nd. But if we mistake the law applicable to the agreement, we submit, that, on the whole pleadings and evidence, the decree should be affirmed. By the Act of 1832, ch. 302,

sec, 5, all objection to the competency of witnesses and the admissibility of evidence, and to the sufficiency of the averments of the bill, must be made by exceptions filed in the cause, and no point, on any of these matters, shall be raised in this court, unless it plainly appear in the record, that such point had been raised by exceptions in the court below. There is no exception to the sufficiency of the averments of the bill, and if these are sufficient, or cannot be inquired into, we cannot perceive how any exception can be taken to the prayer of the bill, even if it be defective, which we deny. But there is also a prayer for general relief. As to the testimony we submit, that it establishes a case of fraud sufficient to avoid the deed, even as to subsequent creditors. 3 *Md. Ch. Dec.*, 477, *Brinton vs. Hook.* 8 *Wheat.*, 229, *Sexton vs. Wheaton.* It is said that Thomas should have been made a party to the bill, but this objection comes too late. It should have been taken by plea in abatement in the court below, and even then it would not have availed, as there is no allegation of any wrongful act on the part of Thomas. As to him and Eliza Ward the deed is good and cannot be set aside by them, (certainly not by the latter,) or their legal representatives. 1 *Vernon*, 132, *Franklin vs. Thornebury.* Ibid., 464, *Bale vs. Newton.* 2 *Vernon*, 473, *Clavering vs. Clavering.* 6 *H. & J.*, 61, *Dorsey vs. Smithson.* 6 *Gill*, 28, *Sedwick vs. Sedwick.* 9 *Md. Rep.*, 357, *Wilson vs. Watts.*

3d. But should the court reverse the decree, it will still be held valid as to the property sold under it, and the rights of the purchaser protected. 7 *H. & J.*, 160, *Chase vs. M'Donald.*

BARTOL, J., delivered the opinion of this court.

The decree from which this appeal was taken was passed on the 8th day of April 1856, declaring a certain deed of the 28th of September 1854, to be void as against the complainants and other creditors of Eliza Ward, directing the property mentioned in that deed, or so much thereof as might be necessary, to be sold to discharge the claims of the complainants and all other creditors of Eliza Ward who may come in as parties to the suit, and appointing P. McLaughlin, Esq., trustee to make the sale,

Ward, *et al.*, *vs.* Hollins, *et al.*

On the 26th of April 1856, the defendants prayed an appeal, which was granted; afterwards, on the 28th of April, the following agreement was filed in the cause:

"It is agreed that the trustee shall suspend the sale authorized to be made in the above cause, for ninety days from date, and in consideration thereof the defendants, in the above cause, agree to withdraw their appeal, and agree that they will not hereafter appeal from the decree in the above cause— April 28th, 1856.                  P. McLaughlin,

Sol. for Complainants.

Geo. Ross Veazey,

Sol. for Defendants."

Afterwards, on the 1st of July 1856, another agreement was filed, signed in the same way, agreeing "that P. McLaughlin, the trustee, shall proceed to sell all of the ground authorized to be sold in the above cause, which lies east of Stricker street; and that such sale may be made on ten days' notice."

In pursuance of the last mentioned agreement, the trustee made sale of that part of the property therein mentioned, for the sum of $3180, which was finally ratified on the 25th of July 1856.

On the 25th of September thereafter, the defendants, by their present solicitors, prayed an appeal from the decree, which brings this record before us.

It is urged, on the part of the appellees, that the appeal ought to be dismissed, because it was taken in violation of the agreement of the 28th of April, which, it is contended, was a binding contract, and ought to be enforced. Its validity is not questioned upon the ground of any collusion or fraud on the part of the solicitors who signed it, nor does the record contain any proof upon which such a charge could be made.

It is not necessary to enter into the question, whether the late lamented solicitor for the appellants had the power, by virtue of his general authority as solicitor, to make the agreement. In the absence of proof to the contrary, we think it ought to be presumed, that the act was done by the client's authority; according to the practice in Maryland, no power of attorney is usual or necessary. *Henck vs. Todhunter, 7 H. & J.,* 275.

For the purposes of this case, we treat the agreement as if it had been made by the appellants themselves, and yet we think the motion to dismiss ought not to be sustained. We take it to be quite clear, that if an appeal be prayed and allowed, and then be withdrawn by the order of the appellant, he is not thereby precluded from afterwards prosecuting an appeal in the same cause, provided it is done within the time limited by law, but if, for a legal and valid consideration, he agree to withdraw the appeal, and not thereafter to appeal, such an agreement would be enforced. In the case before us, however, there was no legal or valid consideration for the agreement. Mr. McLaughlin, with whom it was made, had no authority to stipulate for delay in the execution of the decree; he could not bind the complainants by such an agreement; they no longer stood towards him in the relation of clients in the cause, after he had been appointed trustee. *Farmers Bank of Maryland vs. Mackall & Tilton*, 3 *Gill*, 447.

The alleged consideration for the contract was an agreement on the part of the trustee, after the decree, to delay the sale for ninety days; this agreement he had no power to make; it could not have been enforced on behalf of the defendants; it was *nudum pactum*, and cannot be enforced against them.

The decree is manifestly erroneous. The bill was filed, originally, by George Hollins, Robert McEldowney & Co., Haywood, Bartlett & Co., and Wroth & McCreery, all setting up claims, as creditors of Eliza Ward, who, in her answer, denies her alleged indebtment to any of the complainants, except to McEldowney & Co., and Wroth & McCreery, for small sums, much less than those claimed by the bill. After the answers had been filed, Gould & Glandvill came in by petition, alleging themselves to be creditors, and were admitted parties complainants.

No proof whatever was given in support of any of the claims of the complainants, except that of George Hollins, and yet the decree, adjudged in favor of them all, and for that reason ought to be reversed. But the rights of the purchasers, under the sales made by the trustee, will be protected and the sales

Ward, *et al.*, *vs.* Hollins, *et al.*

remain valid, in conformity with the practice of this court in similar cases. See *Wampler vs. Wolfinger & Strite,* 13 *Md. Rep.,* 348, and the authorities there cited.

As the cause will be remanded for further proceedings, we deem it proper to say, that the averments of the bill, if exceptions be taken thereto, are not sufficient to justify such a decree as was passed in the cause. The object of the proceeding being to assail the deed of the 28th of September 1854, either for the purpose of having it rectified or vacated, all the parties to the deed are necessary and proper parties to this cause, without whom no valid decree can be passed.

In the final disposition of the cause the rights of the creditors may depend on the times when their claims originated; because we do not think there was sufficient evidence of fraud in fact, on the part of Mrs. Eliza Ward. See *Williams vs. Banks,* 11 *Md. Rep.,* 198.

The parties are at issue on that question, and the complainants have failed in supporting the allegations of the bill in that behalf. She was not indebted, as far as now appears, to any of them, when she made the deed to her daughter, of the 1st of August 1851, conveying her equity of redemption. Nor does she appear to have acquired any interest in the property afterwards, (except that reserved by the deed of August 1851,) until July 1853, the time of the agreement, under which the property was purchased by Thomas.

Persons, not creditors at the time of a conveyance, cannot impeach it for fraud in law. But if Eliza Ward acquired property after contracting debts, she cannot dispose of it without consideration, to the prejudice of her existing creditors. In the present state of the record, we cannot pass upon the rights of the creditors; but will leave them to establish their claims as they may be able, there being sufficient to show, that the property may eventually be liable for some of them.

*Decree reversed and cause remanded, each party*
*to pay their own costs in this court.*

Decided July 15th, 1859.

LeGrand, C. J., delivered the following dissenting opinion:

I have not a shadow of a doubt, that the decree in this case

Ward, *et al.*, *vs.* Hollins, *et al.*

was erroneous. Besides other objections to it, the fact that there was not a particle of proof to sustain any of the claims mentioned in the bill, except that of George Hollins, would be sufficient to condemn the decree which adjudges in favor of the validity of all of them. Looking to all the circumstances of the case, I confess I have been anxious to find out some method by which I could feel myself authorized to reverse the decree and remand the cause for further proceedings, but I have not been able to discover any principle which would justify me in such a course. I think the motion to dismiss the appeal ought to be sustained. There are no exceptions to the sufficiency of the averments of the bill, but even if there were, the question would still be, what effect would the agreement to waive the appeal have? *There is no proof whatever of any collusion or fraud, on the part of the original counsel of the appellants in making the agreement to abandon the appeal, and the question, therefore, simply is, whether it was* competent to him to make it as solicitor? If it was, then the motion to dismiss must prevail.

There is no warrant of attorney necessary in this State. *Henck vs. Todhunter*, 7 *Har. & John.*, 275. An agreement made by counsel, *free from fraud or mistake*, is equivalent to an agreement between the parties. It has been long the practice in this State to consider binding, decrees made by consent of counsel, and from such decrees no appeal will lie. *Williams vs. Williams*, 7 *Gill*, 305. An attorney may confess judgment. *Farmers Bank of Md. vs. Sprigg*, 11 *Md. Rep.*, 396. He has the power to pray an appeal, and it is every day practice for him to dismiss an appeal. If he have this power it is difficult to understand, why he has not that of agreeing to abandon the appeal, before the record reaches the appellate court. See *Galbreath vs. Colt*, 4 *Yeates*, 551.

I assent to all the other views of my brothers.