Worthington, Adm'r of Warden, *vs.* Herron.

(Decided 17th December, 1873.)

CHARLES WORTHINGTON, Administrator c. t. a. of WILLIAM H. WARDEN, *vs.* JAMES HERRON.

*Appeal.*

No appeal lies to this Court from an order of the Orphans' Court dismissing the petition of an administrator filed under section 238 of Article 93 of the Code of Public General Laws, alleging the concealment of a part of his decedent's estate; section 240 of the same Article having expressly provided an appeal in such case to the Circuit Court of the County or the Superior Court of Baltimore City.

Where a special jurisdiction is conferred by statute upon the Orphans' Court, and an appeal from its decision in the exercise of such jurisdiction is provided for, the appeal must be in the mode and to the tribunal designated by the statute, to the exclusion of all others.

APPEAL from the Orphans' Court of Harford County.

The appellant filed his petition in the Orphans' Court of Harford County, under section 238, of Article 93 of the Code of Public General Laws, alleging concealment

of property belonging to his decedent's estate, by the appellee. The answer of the appellee, under oath, as required by the Code, denied emphatically the concealment charged. The Orphans' Court, after hearing witnesses, dismissed the petition. From this action of the Court the present appeal was taken.

The cause was submitted to BARTOL, C. J., STEWART, BRENT, MILLER, ALVEY and ROBINSON, J.

*William Young* and *George Y. Maynadier*, for the appellant.

*Henry D. Farnandis*, for the appellee.

ALVEY, J., delivered the opinion of the Court.

This is an appeal from the Orphans' Court for Harford County, and the order appealed from was passed in a proceeding instituted under sec. 238 of Art. 93 of the Code, in regard to property of a deceased alleged to be concealed.

There is a motion to dismiss the appeal, upon the ground that no right of appeal exists in such case to this Court, but that the right of appeal is confined exclusively to the Circuit Court of the county, by sec. 240 of the Article of the Code just referred to.

The sections of the Code referred to were codified from the Act of 1831, chap. 315, sections 12 and 13; and in the original Act it was provided that in the cases contemplated by those two sections, 12 and 13, any party might appeal from the order of the Orphans' Court to the County Court of the county in which the Orphans' Court should sit; and by the 240th section of the Art. of the Code referred to, the same provision is retained, giving the right of appeal to the Circuit Court of the county.

The Orphans' Court is a tribunal of special and limited authority, and the power conferred by the particular provisions of the statute, under which the present proceedings were taken, is of a special nature, not embraced within any previous jurisdiction possessed by that Court; and where such is the case, the right of appeal depends upon the terms of the statute, and if an appeal is provided for at all, it must be in the mode and to the tribunal designated in the Act, to the exclusion of all others. *Condon's Case,* 8 *Gill & John.,* 443; *Savage Man. Co. vs. Owings,* 3 *Gill,* 497; *Williams vs. Williams,* 5 *Gill,* 88; *Carter vs. Dennison,* 7 *Gill,* 157; *Lammott vs. Maulsby,* 8 *Md.,* 5; *Balto & Havre de Grace Turnpike Co. vs. Nor. Cen. R. Co.,* 15 *Md.,* 193.

It is contended, in opposition to the motion to dismiss, that although the section 240 of Art. 93 of the Code provides for an appeal to the Circuit Court of the county, and not to this Court, yet the present appeal is authorized by the very comprehensive language of section 39 of Art. 5 of the Code, codified from the Act of 1818, chap. 204, section 1. And while it is true that the language of that section, authorizing appeals to this Court from all decrees, orders, decisions and judgments made by the Orphans' Court, is very comprehensive, and would seem to be sufficiently broad to embrace this and all similar cases, yet the very point and the same arguments were presented in reference to the same comprehensive language, in the case of *Lammott vs. Maulsby,* 8 *Md.,* 5; and, notwithstanding, the decision was adverse to the right of appeal to this Court. In that case, as in this, an appeal was given to the Circuit Court from the order of the Orphans' Court, which it was sought to have reviewed here, and this Court decided that the right of appeal was confined exclusively to the Circuit Court; and unless that case can be shewn to be overruled, it must be taken as a conclusive authority against the appeal

in this case. No case has been produced by which the decision in *Lammott vs. Maulsby* has been in any manner questioned, and we think upon reason, it cannot be impugned. If the right of appeal had not been expressly given to the Circuit Court by section 240 of Art. 93, then the broad and unqualified language of section 39 of Art. 5, would have have afforded the right of appeal to this Court; but, as we have seen, the statute conferring the new jurisdiction having provided the particular mode of appeal, that mode is a negation of any other, and must be taken to be exclusive. And such must have been the intention of the Legislature. For from orders passed in proceedings like the present, it may not unfrequently happen that both parties will appeal, and, in that event, suppose the one party should take his appeal to this Court, and the other should take his to the Circuit Court, and there should be a conflict of decision, in such case, which judgment would be binding and conclusive upon the Orphans' Court and the parties? It would certainly create great embarrassment to the proceedings in the Orphans' Court; and we cannot suppose for a moment, that the Legislature ever intended that such conflict should by possibility exist.

The case of *Cannon's Adm. vs. Crook*, 32 *Md.*, 482, has been referred to by the appellant as an instance of an appeal having been entertained by this Court from an order of the Orphans' Court, passed in a proceeding similar to the present. But in that case, there were other questions, involving the regularity of the practice of the Orphans' Court, and though there was a motion to dismiss the appeal, it was upon the ground of the informal manner of taking the testimony of witnesses in the Orphans' Court, and not upon the ground that the appeal could only be taken to the Superior Court of Baltimore City. The question now made was not suggested, or in any manner brought to the attention of the Court.

That case, therefore, must not be regarded as an authority for the right to appeal to this Court in cases like the present.

*Appeal dismissed.*

(Decided 17th December, 1873.)