## PRINCE GEORGE'S COUNTY, MARYLAND *v.* HOWARD L. BARRON ET AL.

[No. 501, September Term, 1973.]

*Order October 29, 1973.*

*Opinion Filed November 21, 1973.*

The cause was argued before ORTH, C. J., and POWERS and MOORE, JJ.

*Ellis J. Koch* for appellant.

*Robert E. Starkey* for appellees.

POWERS, J., delivered the opinion of the Court.

"It is settled law in this state that no appeal will lie from a consent decree." The law had long been settled when the Court of Appeals said what we have quoted, in *Mercantile Trust Co. v. Schloss,* 165 Md. 18, 24, 166 A. 599 (1933). It cited *Miller's Equity Procedure,* § 363, *Ward v. Hollins,* 14 Md. 158, 168 (1859) and *Emersonian Apts. v. Taylor,* 132 Md. 209, 214, 103 A. 423 (1918).

No case has expressed any doubt about the validity of the rule — any doubt that arises goes to the question of whether the decree was in fact entered by consent. That is the way

the question arose in *Mercantile, supra*, where the Court, in disposing of a motion to dismiss the appeal, said, at 25:

"There is nothing on the face of the decree or contained in it that shows it to be a consent decree. * * * The basis for the contention of its being a consent decree is the correspondence between counsel * * *. After careful examination of this correspondence, we are unwilling to say that the decree, as signed, was that agreed to by all of the parties * * *."

The Court went on to say:

"The safer and better practice, and the one, in our opinion, which should be followed, is to have the chancellor state in the decree that it was passed by consent, or the consent of the parties indorsed thereon. This is the rule laid down by Mr. Miller in his work on *Equity Procedure*, and has received the sanction of this court in the case of *Williams v. Williams*, 7 Gill, 302, 305. Such a rule is positive and definite, affording uncontrovertible evidence of the consent, and obviating any contention on motions to dismiss on such ground; neither does it impose any hardship upon the parties."

The appeal in this case was taken by Prince George's County, Maryland, the defendant below, from a decree entered on 12 June 1973 by the Circuit Court for Prince George's County in a suit brought against the county by Howard L. Barron and others. The record was timely received in this Court, and within 10 days thereafter, Maryland Rule 1036 c, appellees filed a motion to dismiss the appeal because not allowed by law. Maryland Rule 1035 b (1).

Appellant filed an answer, and we directed that the motion be set for oral argument in advance of argument on the merits. Maryland Rule 1037. We heard arguments on 29 October 1973 and the same day filed an order dismissing the appeal.

We now give our reasons.

The preamble to the ordering paragraphs of the decree was:

> "The Plaintiffs' Motion For Summary Judgment and the Defendant's Motion To Dismiss having come on for hearing, counsel having filed memoranda and having been heard and the parties having consented hereto, it is this 12th day of June, 1973, * * *."

Under the signature of Judge William B. Bowie appears the endorsement, "Consented to:", and subscribed are the signatures of the attorney for defendant and the attorney for plaintiffs.

It was suggested to us that this endorsement was no more than an imprecise way of indicating approval as to form. However that may be, there is no suggestion that the recital of consent in the body of the decree means anything different from what it says. If the recital of consent resulted from a mistake or irregularity, the court had the power to correct it upon a motion under Maryland Rule 625. Such a motion undoubtedly would have required an evidentiary hearing, at which correspondence and conversations bearing on the question could have been made matters of record. That power of the court was not invoked.

This Court does not hold evidentiary hearings, nor do we make original evidentiary determinations. We have before us a decree which recites that the parties consented to it. Consent is endorsed at the end of the decree by counsel for all parties. The decree follows both of the alternatives suggested in *Mercantile, supra,* as the safer and better practice.

Appellant points out that the court had denied its motion to dismiss the complaint, and had. granted a motion of the plaintiffs below for summary judgment. It says, in effect, that what may appear to be consent to the decree was no more than acquiescence in the inevitable—that the case had already been decided. This contention is not persuasive. The situation is analogous to those discussed by the Court of

Appeals in *Sellman v. Sellman*, 238 Md. 615, 209 A. 2d 61 (1965) and *Kennedy v. Foley*, 240 Md. 615, 214 A. 2d 815 (1965). The granting of a summary judgment in an equity case is not an operative order. A decree must folow. Loss of a battle, even a crucial one, is not necessarily the loss of the war, and does not preclude the right to fight again another day, on a different battleground. But capitulation does end the war, and one who capitulates may not fight again. The county capitulated, and consented to the decree. It has no right to fight again here.