574 A.2d 10

**Pamela MATHIESON, et al.**

v.

**Rita DELMONT.**

**No. 1386, Sept. Term, 1989.**

Court of Special Appeals of Maryland.

May 31, 1990.

200

Thomas M. McCartin, Rockville, for appellants.Thomas M. McCartin, Rockville, for appellants.

Cassandra P. Hicks (Shapiro & Hicks, P.C., on the brief), Rockville, for appellee.

Argued before BLOOM, KARWACKI and FISCHER, JJ.

FISCHER, Judge.

Appellants [1] appeal from a consent judgment with stipulations entered by the Circuit Court for Montgomery County (Ferretti, J.). Appellee asks us to dismiss the appeal on the ground that no appeal lies from a consent judgment, and we are constrained to oblige.

[1] Pamela M. Mathieson, Sheryl M. Worthman, Alfred Meisler, Jack Meisler, Robert Lewis and William C. Bodner.

Evelyn S. Campbell died on November 28, 1983. By her will dated October 16, 1970, Ms. Campbell left her entire estate to a niece, Rita Delmont. Ms. Delmont filed a Petition for Probate and, on February 2, 1984, was appointed Personal Representative of Ms. Campbell's estate. After receipt of notice of the appointment, appellants collectively decided to contest the will. A Petition to Caveat was filed by appellants on August 3, 1984. Allegations of the petition were that Ms. Campbell was not legally competent to make a will at the time the will was executed and that Ms. Campbell was unduly influenced by Ms. Delmont to make the will. Trial on the caveat was scheduled in the Circuit Court for Montgomery County on August 11, 1986.

In the summer of 1986, the parties, through their attorneys, attempted to reach a settlement. The attorneys arrived at what they thought was an agreement, and on the morning of trial, Ms. Delmont's attorney notified the assignment office that the case had been settled. All of the attorneys confirmed their oral agreement by signing identical letters, prepared by her attorney containing the terms of settlement. The parties, however, were unable to effectuate this agreement, and on June 16, 1987, Delmont, through her new attorneys, David S. Greene and Cassandra P. Hicks, filed a Motion to Reset the case on the Trial Calendar. Appellants responded by filing a Motion to Enforce Settlement Agreement. On April 7, 1989, Judge William C. Miller denied the motion to enforce, principally on the ground that the terms of the agreement were not sufficiently clear. Trial on the merits was set for May 8, 1989. Rather than bear the expense of a trial and apparently wishing to rely upon the settlement rather than trying to prevail in an inherently difficult caveat proceeding, appellants entered into the consent judgment from which this appeal is taken. The judgment disposes of all the matters in controversy and states, "Plaintiffs and each of them shall not be barred from appealing from this judgment, provided such right exists."

In *Prince George's Co. v. Barron,* 19 Md.App. 348, 349, 311 A.2d 453 (1973), Judge Powers writing for this Court stated:

'It is settled law in this state that no appeal will lie from a consent decree.' The law had long been settled when the Court of Appeals said what we have quoted, in *Mercantile Trust Co. v. Schloss,* 165 Md. 18, 24, 166 A. 599 (1933). It cited *Miller's Equity Procedure,* § 363, *Ward v. Hollins,* 14 Md. 158, 168 (1859) and *Emersonian Apts. v. Taylor,* 132 Md. 209, 214, 103 A. 423 (1918).

No case has expressed any doubt about the validity of the rule—any doubt that arises goes to the question of whether the decree was in fact entered by consent.

The case *sub judice* has a different twist. We are now asked to determine whether a party can unilaterally reserve the right to appeal from a consent decree.

▪ In our view, the qualifying language, "[P]laintiffs ... shall not be barred from appealing from this judgment, provided such right exists," does not preserve the appeal. If the parties cannot by agreement vest jurisdiction in an appellate court, *Biro v. Schombert,* 285 Md. 290, 293, 402 A.2d 71 (1979), certainly the unilateral reservation of a right that does not exist will be equally futile.

▪ The Court of Appeals stated in *Clark v. Elza,* 286 Md. 208, 212, 406 A.2d 922 (1979), "With certain exceptions ..., a party may appeal only from a *final* judgment entered by a circuit court." (Emphasis in original.) Accordingly, appellants were of the opinion that the order of Judge Miller in denying the motion to enforce settlement was not appealable because it was not a final order. Appellants were apparently unaware of the "collateral order" doctrine first enumerated in *Cohen v. Beneficial Industrial Loan Corp.,* 337 U.S. 541, 69 S.Ct. 1221, 93 L.Ed. 1528 (1949). Judge Digges, writing for the Court of Appeals in *Peat & Co. v. Los Angeles Rams,* 284 Md. 86, 92, 394 A.2d 801 (1978), stated that an interlocutory order must meet four requirements to come within the collateral order doctrine

permitting an immediate appeal: "[T]he order must [(1)] conclusively determine the disputed question, [(2)] resolve an important issue [,(3) be] completely separate from the merits of the action, and [(4)] be effectively unreviewable on appeal from a final judgment." It appears that the four criteria are satisfied in this case. The order conclusively determined that the settlement was unenforceable. Therefore, it obviously resolved an important issue. The merits of the caveat action are totally unrelated to the issues related to the settlement. Finally, a final judgment on the merits of the caveat would make the ruling on the settlement agreement effectively unreviewable.

As stated by Judge Eldridge in *Clark v. Elza*, 286 Md. at 213, 406 A.2d 922, "One of the principal considerations in entering a pre-trial settlement agreement is the avoidance of the expense and inconvenience of a trial. If the defendants [plaintiffs] must proceed to a trial on the merits, this contractual benefit will be irretrievably lost." It is clear that the four criteria had been satisfied in this case and that an appeal would lie from Judge Miller's order. In summary, since no appeal lies from the consent judgment dated May 10, 1989, in order to obtain appellate review, appellants were required to file their appeal within 30 days of Judge Miller's order dated April 7, 1989.

We will note, however, our review of the record has convinced us that Judge Miller was not clearly erroneous in finding the agreement between the parties to be unenforceable.

APPEAL DISMISSED.

COSTS TO BE PAID BY APPELLANTS.