(Decided 9th January, 1889.)

## J. Bernstein & Sons, and Garrett Murray *vs.* Herman H. Hobelman, Trustee.

*Mortgages in the City of Baltimore under Article 4, of the*
*Local Code—Foreclosure—Decree—Mortgage of Personal*
*chattels—Appeal—Exceptions to Sale—Deeds—Designation*
*of Grantees—Firm name Sufficient—Registration—Article*
*24, section 9, of the Code.*

Under the provisions of Article 4, of the Code of Public Local
Laws, relating to mortgages in the City of Baltimore, there is no
authority to decree a sale of personal chattels.

A mortgage of real, leasehold and personal estate contained the
assent of the mortgagor to a decree for sale as provided by Article
4, of the Code of Public Local Laws, and a decree was passed
thereon for a sale of the mortgaged property, but the real and
leasehold property only was sold thereunder. On exceptions filed
to the sale, it was Held:

1st. That there was error in the decree in so far as it ordered the
sale of all the mortgaged property; and an appeal would lie from
such decree, notwithstanding the assent to its passage embodied
in the mortgage.

2nd. That on appeal such decree would necessarily have been re-
versed in part, but no appeal having been taken the error could
not be availed of on said exceptions, there being no error in that
portion of the decree which ordered a sale of the real and leasehold
estate.

Where the grantees in a mortgage are designated as "the firm of Wehr, Hobelman & Gottlieb" and in the petition for the sale of the mortgaged property the Christian names of the members of the firm are given, and the facts stated in the petition are verified by the affidavit of a member of the firm, giving his Christian name, and styling himself a member of the firm, there is a sufficient identification of the persons intended as mortgagees.

Such deed is within the requirement of section 9 of Article 24 of the Code of Public General Laws (section 9 of Article 21 of the Code of 1888,) providing that deeds shall contain the names of the grantors and grantees, and is entitled to be recorded.

APPEAL from the Circuit Court of Baltimore City.

The appeal in this case was taken from an order of the Court below, (DENNIS, J.) overruling the exceptions filed by the appellants to the final ratification of the sales reported by Herman H. Hobelman, as trustee, and finally ratifying and confirming the same. The case is stated in the opinion of this Court.

The cause was argued before MILLER, IRVING, BRYAN, and MCSHERRY, J.

*Francis K. Carey,* and *William Reynolds,* for the appellants.

The *ex parte* decree of the 21st of November, 1887, was void, because section 782 of Article IV, of the Public Local Laws, only authorizes such a decree to be passed for the sale of "land or hereditaments or chattels real in the City of Baltimore," but the decree embraced personal chattels as well. *Robertson vs. American Homestead Association,* 10 *Md.,* 406; See also *Hanley and Welch vs. Donoghue,* 59 *Md.,* 243, *and* 2 *Bacon's Abr.,* 500, *Error.*

The mortgage under which said decree was rendered was void at common law, because it neither contained the names of the grantees nor described them with

Bernstein & Sons *vs.* Hobleman, Trustee.

sufficient certainty to distinguish them from all other persons. *Schaidt vs. Blaul*, 66 *Md.*, 141, 144.

As the omission of the Christian name, or using a wrong Christian name vitiated a grant at common law, in so far as the naming of the grantee was essential, (3 *Bacon's Abr.*, 379, *Grants; Sheppard's Touchstone*, 236; compare also, *Thanhauser vs. Savins*, 44 *Md.*, 410,) the validity of this mortgage at common law must depend solely upon whether the words "the firm of Wehr, Hobelman & Gottlieb" are to be held as describing the intended grantees with sufficient certainty to dis-distinguish them from all other persons.

It is held by the great weight of American authority that a partnership style is not a good name of purchase in a conveyance of realty to pass the legal title to all the members of the firm, and in such case the deed will only operate to convey a legal title to such members of the firm as are actually named in the conveyance. *Arthur vs. Weston*, 22 *Mo.*, 378; *Winter vs. Stock*, 29 *Cal.*, 411; *S. C.*, 89 *Am. Dec.*, 57; *Moreau vs. Saffarans*, 3 *Sneed*, 595; *S. C.*, 67 *Am. Dec.*, 582; *Jackson vs. Cory*, 8 *Johns.*, 385; *Hornbeck vs. Westbrook*, 9 *Johns.*, 73; *Tidd vs. Rines*, 26 *Minn.*, 201; *Percifull vs. Platt*, 36 *Ark.*, 456; *McMurry vs. Fletcher*, 24 *Kan.*, 574. See also 1 *Bates on Partnership*, sec. 296.

Even if said mortgage should be held good at common law, it is clearly invalid to pass any legal title to the property described therein, under the Maryland Code of Public General Laws, because it does not contain the Christian names of the mortgagees.

The Maryland Code provides as follows: "All deeds conveying real estate which shall contain the *names* of the grantor and grantee, or bargainor and bargainee, * * * shall be sufficient." The converse is of course implied, that deeds which do not contain the *names* will not be sufficient. *Code of* 1888, *Art.* 21, *sec.* 9.

Bernstein & Sons *vs.* Hobelman, Trustee.

"Deeds of mortgage conveying any use, estate or interest in land shall be executed, acknowledged and recorded as absolute deeds of the same." No mortgage, therefore, is "sufficient" unless it contains the *names* of the mortgagees. *Code of* 1888, *Art.* 21, *sec.* 29.

The clerks of the Circuit Courts of the counties and the clerk of the Superior Court of Baltimore City are required to "record all deeds, mortgages and bills of sale, and other instruments required to be recorded, in a well-bound book, which book shall contain an alphabetical index in *the names of all the parties* to such deed, mortgage, bill of sale or other instrument of writing." *Code of* 1888, *Art.* 17, *sec.* 51.

"They shall make a full and complete general index * * * of all deeds, mortgages, bills of sale and other conveyances of record in their respective offices, which index shall be *in the names of each and all* the grantors, bargainors, donors or mortgagors, *and each and all* the grantees, bargainees, donees or mortgagees." *Code of* 1888, *Art.* 17, *sec.* 52.

"Every clerk after he records any deed shall, before he delivers the original, carefully and with accuracy enter the substance, that is to say, the date of the deed, *the Christian names and surnames of the parties,* with their additions, if any, * * * and shall transmit the same on or before the first day of June in each year to the commissioner of the land office." *Code of* 1888, *Art.* 17, *secs.* 54–55.

This Court has said in a recent case, after deciding that a grant to "the persons who are designated as the owner or owners of a certain brick house and curtilage" is bad, "We might probably go further and say that the proper construction of the ninth section of Article 24 of the Code requires that the name of the grantee should always be set forth in the deed. Certainly, such a construction would be in harmony with the

Bernstein & Sons *vs.* Hobelman, Trustee.

spirit of the registration Acts, which are founded on the policy of requiring that every circumstance should appear on the face of the registry which is necessary to the devolution of title to real estate." *Schaidt vs. Blaul*, 66 *Md.*, 141, 144.

If the mortgage is void as such, and invalid to pass the legal title, the *ex parte* decree is also void as *coram non judice*. If "the firm of Wehr, Hobelman & Gottlieb" have any equitable rights under it, they can only be enforced by a regular bill in equity, to which all persons whose interests are to be bound by the decree must be made parties. The appellants, as judgment creditors of the mortgagor, would be proper parties to such a proceeding, and upon their establishing the fact that their judgments are based upon contracts made after the execution of the defective mortgage, a Court of equity would subordinate to the lien of their judgments the equitable lien of the parties for whose benefit said mortgage was intended to be made. *Dyson vs. Simmons*, 48 *Md.*, 207, 218.

The Court below refused to entertain the appellants' exceptions, upon the ground that they were not parties to the proceedings, and had no right to intervene, and relied upon the case of the *Patapsco Guano Co. vs. Elder*, 53 *Md.*, 465. There is clearly no parallel between that case and the one at bar. In the former case an attempt was made to gain by exceptions to a sale, the benefit of a bill in equity to set aside a mortgage on the ground of fraud, which being a matter to be shown by proof *aliunde*, could only be properly adjudicated upon bill, answer and testimony. In the case at bar it appears upon the face of the proceedings that the mortgage is invalid, and the decree therefore void. The exceptions do nothing more than call the attention of the Court to the fact of its want of jurisdiction in this proceeding, in order that the Court may

Bernstein & Sons *vs.* Hobelman, Trustee.

refuse to ratify a void sale and stop all further pro-
ceedings thereunder. The appellants, as judgment
creditors, clearly have an interest in the property which
justifies their intervention. That questions of juris-
diction may always be raised by exceptions to a sale
filed by a judgment creditor, is a well-established rule
in Maryland, as shown by the following cases: *Black
vs. Carroll,* 24 *Md.,* 251; *Dircks vs. Lagsdon,* 59 *Md.,*
173; *Slingluff vs. Stanley, Trustee,* 66 *Md.,* 224; *Fahey
vs. Mottu,* 67 *Md.,* 250; *Coward, Garn. vs. Dillinger &
Stevenson,* 56 *Md.,* 61.

*J. S. Rosenthal,* and *William A. Fisher,* for the
appellee.

If the description of the grantees be somewhat unu-
sual, and perhaps imperfect, it is quite sufficient to
distinguish the persons intended to be designated, and
the law requires nothing more for the validity of
the instrument. It has been held that the words "the
heirs-at-law," of a deceased person, would be a law-
ful description of grantees. *Shaw vs. Loud,* 12 *Mass.,*
447; *Thomas vs. Marshfield,* 10 *Pick.,* 364, 367; *Schaidt
vs. Blaul,* 66 *Md.,* 144. And that a partnership name
is sufficient. *Herman on Mortgages, sec.* 225; *Morse vs.
Carpenter,* 19 *Vermont,* 613; *Hoffman vs. Porter,* 2
*Brock.,* 156; *Lindsay vs. Hoke,* 21 *Ala.,* 542; *Beaman
vs. Whitney,* 20 *Maine,* 413; *Schumpert vs. Dillard, &c.,*
55 *Miss.,* 359. And that any mode which will cer-
tainly identify the grantee is enough. See *Herman on
Mortgages, secs.* 223–4 and 5.

There is nothing in the statute law of Maryland
which alters this common law rule. The Act of 1856,
chapter 154, was enacted for the purpose of simplify-
ing conveyances and preventing persons from suffering
loss from innocent mistakes, and immaterial matters.

Bernstein & Sons *vs.* Hobelman, Trustee.

The codification in Article 24 of the Code of 1860, was in the same spirit. Section 28 requires mortgages of any interest in land to be executed, acknowledged and recorded as absolute deeds. Section 9 provided that any deed should be sufficient which contained the consideration, a description of the land, the interest or estate, and the *names* of the grantor and grantee. This section has been complied with, if the names have been given in any manner, whether it be by means of both the surname or the Christian name, or of the surname only in such connection as to supply the Christian name upon enquiry. And section 67, from abundant caution, provided that any other forms conforming "to the rules of law" shall be sufficient, thus recognizing the validity of any mode of describing the grantee which was admissible before the adoption of the Code.

The appellants rely upon sections 52, 53 and 54 of Article 18, but these sections occasion no difficulty. The Act of 1865, ch. 157, required the clerk of the Superior Court to record all deeds, mortgages, etc., in a book, which shall contain an alphabetical index, "in the names of all the parties to such deed, mortgage," &c.

Sec. 52 of Art. 18, required the clerk to make "a full and complete general alphabetical index," * * "both in the names of each and all the grantors * * and each and all the grantees."

Section 53 merely provides in general terms for the continuance of the indices.

None of these sections forbid the recording of an instrument when the Christian name is not given. The record would be good even if it could not be indexed.

The general creditors of Mrs. Berger could have no relief in any manner against the mortgage, even if it be in part defectively executed. A defectively exe-

Bernstein & Sons *vs.* Hobelman, Trustee.

cuted mortgage for a *bona fide* debt will always be
regarded in equity as a contract to be enforced in
favor of the mortgagor against creditors. *Dyson vs.
Simmons*, 48 *Md.*, 207.

The mortgage in question calls peculiarly for the
application of this equitable principle, because the
instrument contains a contract binding the mortga-
gees to renew the notes. They complied with it, and
it was one which could have been enforced against
them.

The exceptants have no standing in Court. If their
contention is right and the mortgage is invalid, their
rights remain unaffected by the proceedings. *Warfield
vs. Ross*, 38 *Md.*, 85; *Kershner vs. Carroll*, 47 *Md.*, 262;
*Patapsco Guano Co. vs. Elder*, 53 *Md.*, 463.

BRYAN, J., delivered the opinion of the Court.

A mortgage was made to a partnership in the part-
nership name; and the principal question in this case
depends on the effect and operation of this form of
conveyance. The mortgage stated that it was made
by Elizabeth M. Berger to secure the payment of her
indebtedness to the "co-partnership firm of Wehr,
Hobelman and Gottlieb of Baltimore City." It em-
braced certain real and leasehold estate in the City
of Baltimore, and sundry personal chattels; and was
made subject to the sections of Article four of the
Public Local Laws relating to mortgages, and it also
contained a power of sale under Article 64 of the
Public General Laws. The mortgagees were described
as "the firm of Wehr, Hobelman and Gottlieb," and
in no other way. A petition was filed by the mort-
gagees in the Circuit Court of Baltimore City for a
sale of the mortgaged property, and a decree was
passed ordering it to be sold. The real and leasehold
property was sold under the decree, and the sales were

Bernstein & Sons *vs.* Hobelman, Trustee.

reported for ratification. Thereupon certain creditors, who had obtained judgments subsequently to the mortgage, filed exceptions to the ratification. The first exception maintained that the decree was beyond the jurisdiction of the Court and void, because it included personal goods and chattels; whereas the Public Local Laws of Baltimore City relating to mortgages authorized a decree only for lands and chattels real. The second exception alleged that the mortgage was not valid in law, because it was not executed to any natural person, nor to any body corporate; but to "the firm of Wehr, Hobelman and Gottlieb" which is neither. The exceptions were overruled and the sales ratified.

There was undoubtedly error in the decree, in so far as it ordered the sale of all the mortgaged property. There is no authority in the statute to decree the sale of personal chattels. It was decided in *Williams vs. Williams,* 7 *Gill,* 302, that an appeal would lie from a decree of this character, notwithstanding the assent embodied in the mortgage. If an appeal had been taken, the decree would have been necessarily reversed in part. No appeal was taken, and the present question arises exclusively on the exceptions. The seven hundred and eighty-sixth section of the fourth Article of the Public Local Laws is as follows: "Any allegations may be made, and proof under the orders of the said Court exhibited, and a trial of the allegations had as the Court shall prescribe, to show that the sale ought not to have been made." Of course if the decree was erroneous, it could not be held that the sales ought to have been made. But there was no error in that portion of the decree which ordered the sale of the real and leasehold estate; and there has been no attempt to execute the portion which related to the personal chattels. There could be no reason or propriety in

saying that a sale was improperly made which a Court had the authority to order; simply because at the same time, it ordered something else which was beyond its authority, and which was separate and distinct from the matter properly decreed. It is very frequently the case in Chancery appeals, that a decree is affirmed in part, and reversed in part.

Let us consider the second exception. In mercantile dealings promissory notes are constantly made payable to partnerships, and bonds are frequently made payable in the same manner. A partnership is an association of individuals; but what is due to the partnership is due to all the partners collectively, and what is due by the partnership, is due by all the partners collectively; and suits by and against them must be prosecuted in the names of the individuals composing the firm. A contract by or with a partnership is a contract by or with all the partners. By the common law it was not necessary that a deed should contain the name of the grantee; but a sufficient description of him was always indispensable. Lord Coke says: "But purchases are good in many cases by a known name, or by a certain description of the person without either surname or name of baptism, as to the wife of I. S., or his first born son, or his second born son, &c. &c. &c., or to the right heirs of I. S." *Co. Littleton,* 3*a.*

And even in the case of corporations a misnomer of the grantee does not defeat the grant; provided it can be shown by proof what corporation was intended to be designated by the parties to the deed. In the case of the *Mayor and Burgesses of Linne Regis,* 10 *Coke,* 122, a bond was given to the plaintiff, a corporation; but the corporate name was misdescribed in the bond; it being however, found by special verdict that the bond was given to the plaintiff by the erroneous description,

Bernstein & Sons *vs.* Hobelman, Trustee.

judgment was given for the plaintiff. And in report-
ing this case, Lord COKE cites a case where the Abbot
of York was incorporated by the name of " The Abbot
of the Monastery of the blessed Mary of York," and
a bond was made to the Abbot by this name "The
Abbot of the Monastery of the blessed Mary without
the walls of the City of York." The Abbot brought
his action of debt by his true corporate name, and
in his declaration, he averred that the bond was made
to the plaintiff by the name stated in the bond, which,
Lord COKE says, implied an averment that the abbey
was within York; "and the writ was awarded a good
writ by the opinion of the whole Court; and yet the
name in the bond doth not import, of itself, the true
name of the corporation without averment *dehors.*"
In *African Society vs. Varick*, 13 *Johns.*, 38, the Court
said "where a deed is made to a corporation by a name
varying from the true name, the plaintiffs may sue in
their true name, and aver in the declaration that the
defendant made the deed to them by the name men-
tioned in the deed." In the *Linne Regis Case*, Lord
COKE says: "There will be found a difference between
writs and grants, for if a writ abates, one might of
common right have a new writ, but he cannot of com-
mon right have a new bond or a new lease." Let us now
consider the description of the grantees in this mort-
gage. They are designated as "the firm of Wehr,
Hobelman and Gottlieb;" and in the recitals of the
instrument they are called "the co-partnership firm
of Wehr, Hobelman and Gottlieb of Baltimore City."
The petition for sale filed in the cause has this cap-
tion: "Frederick Wehr, Herman H. Hobelman, and
Frederick H. Gottlieb, co-partners, trading as *Wehr,
Hobelman and Gottlieb vs. Elizabeth M. Berger.* And
it commences in these words: "The petition of Wehr,
Hobelman and Gottlieb, co-partners as above men-

tioned, respectfully represents, &c.'' It then alleges
that Elizabeth M. Berger made the mortgage in ques-
tion to the petitioners, and Frederick H. Gottlieb,
in the affidavit filed with the petition, styles himself
a member of the said firm, and swears that the facts
stated in the petition are true. The identification of
the persons described as grantees could not be more
certain. It is not a case of misnomer or misdescrip-
tion to be explained by averment and proof; but sim-
ply a case, where an apt and proper designation of
parties is to be applied to the individuals answering
to the description. But we must now consider whether
a deed naming the grantees in this way is entitled to
registration; because the proceeding in the Circuit
Court would not be proper except where the deed was
regularly recorded. Art. 4, sec. 782, of Public Local
Laws. It is stated in section nine of Article 24 of the
Code that certain deeds therein mentioned shall be
sufficient, if executed, acknowledged and recorded as
required. It is not stated that deeds of any other
form and character may be recorded. The deeds men-
tioned are required among other things to contain the
names of grantor and grantee. The mortgage in this
case does not contain the Christian names of the gran-
tees or any of them. The surnames, however, are all
stated and they are all identified as belonging to a'
particular co-partnership in the City of Baltimore.
The use of both Christian name and surname is how-
ever the regular and approved method, and ought
always to be adopted. Centuries ago untitled per-
sons were better known by their Christian names than
in any other way; but at the present day the surnames
are the more important and controlling appellations.
And when to the surname a circumstance is added
which belongs to the individual intended to be named
and to no other person, the certainty of description is

Bernstein & Sons *vs.* Hobelman, Trustee.

complete. If for instance we say Smith, the Postmaster of the city; or Thompson, the green grocer; or Peterson, the tailor, there is no difficulty in recognizing the persons we mean; and in fact they are usually better known by their occupations, than by their Christian names. Upon these considerations, we think that the requirements of the statute are reasonably gratified in this case. The fifty-fourth and fifty-fifth sections of the eighteenth Article of the Code, enact that after the clerk records a deed, he shall make an entry, among other things, of the Christian names and surnames of the parties. These sections impose certain duties on the clerk; but, in our opinion, were not intended to change or affect the requirements necessary to entitle a deed to registration. They recognize the fact, that in the usual course of business, deeds would contain both names of the parties; but they do not authorize him to refuse to record a deed when there has been a departure from the accustomed methods.

Some of the questions which we have been considering were decided in *Schaidt vs. Blaul*, 66 *Md.*, 141; but the circumstances of this case required a more full discussion of them than they then received.

We will affirm the order of the Circuit Court.

*Order affirmed.*

(Decided 9th January, 1889.)